This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellants, Fifth Third Bank ("Fifth Third"), Timothy Harvey, Deanna Harvey, and Stacey Brake, appeal the judgment of the Summit County Court of Common Pleas. We reverse and remand.
 I.
The following are the facts as relevant to the present appeal. On July 17, 1998, Frank Spada and Timothy Harvey purchased two adjacent lots, Lots 279 and 280 of the Springfield Heights Allotment, located in Akron, Summit County, Ohio, which were commonly known as 333 Stevenson Avenue. Contemporaneously, Mr. Spada and his wife, Kelli Spada, executed and delivered to the Maple Street Living Trust ("Maple Street") a promissory note which was secured by a mortgage on Lots 279 and 280.
On August 24, 1998, Mr. Harvey transferred by quitclaim deed to Mr. Spada his interest in Lots 279 and 280. Thereafter, Mr. Spada immediately transferred by warranty deed Lot 280, which became commonly known as 337 Stevenson Avenue, to Mr. Harvey. After these transfers but on the same day, the Spadas executed and delivered a promissory note to Amy Lynn Woidtke which was secured by a mortgage on Lot 279. In May of 1999, the Spadas transferred by warranty deed Lot 279 to the 333 Stevenson Avenue Land Trust.
On March 5, 1999, the Harveys obtained an open-end blanket mortgage from Fifth Third, which included a mortgage on Lot 280, and constructed a house on the property for approximately $80,000. Thereafter, Stacey Brake entered into a land installment contract for improved Lot 280. At some point, the Spadas failed to make payments pursuant to the terms and conditions of their note to Maple Street.
On July 7, 2000, Maple Street filed a complaint in the Summit County Court of Common Pleas, in which Maple Street sought, inter alia, to foreclose on Lots 279 and 280. The case was temporarily placed on the trial court's inactive docket pending a ruling in the Spadas' bankruptcy case. On February 14, 2001, after holding a pretrial conference, the trial court granted Maple Street leave to file a motion for partial summary judgment as to Lot 279 only and granted the defendants thirty days to respond to such motion. On March 2, 2001, Ms. Woidtke, on behalf of all interested parties, moved for leave to file motions for summary judgment as to both Lots 279 and 280. While waiting to learn of the trial court's ruling on this motion, Maple Street moved for and was granted two extensions of time within which to file its motion for partial summary judgment. On the deadline of the second extension of time, April 10, 2001, Maple Street moved for summary judgment as to both lots.
Fifth Third timely moved to strike Maple Street's motion for summary judgment and for a continuance pursuant to Civ.R. 56(F). In a separate motion, the Harveys and Ms. Blake requested a continuance pursuant to Civ.R. 56(F) and incorporated by reference Fifth Third's motion.[1] On July 30, 2001, the trial court denied the motion to strike and entered summary judgment in favor of Maple Street on both Lots 279 and 280. In its judgment entry, the trial court determined, inter alia, that the Spadas had defaulted on the note in a certain amount and that Maple Street was the primary lienholder on both lots. The trial court, therefore, ordered foreclosure on both lots.
On August 29, 2001, Timothy Harvey and Fifth Third filed a joint motion for relief from judgment, pursuant to Civ.R. 60(B). The appellants also filed their notices of appeal regarding the July 30, 2001 decision. Upon proper motion, this court stayed and remanded the case to the trial court for consideration of the Civ.R. 60(B) motion. On October 26, 2001, the trial court denied the Civ.R. 60(B) motion. This appeal followed.
 II.
Appellants assert four assignments of error.[2] We will first address the second assignment of error, as we find it to be dispositive of the appeal.
 A. Second Assignment of Error "The Trial Court erred in granting the Appellee's Motion for Summary Judgment without first ruling on the Motion to Strike and Motion for Extension of Time filed by the Appellant."
In their second assignment of error, appellants aver that the trial court erred in entering summary judgment without first ruling on the motion to strike, thereby depriving them of the opportunity to respond to the merits of Maple Street's summary judgment motion. We agree.
When a party has moved for summary judgment at a time when that motion may only be filed by leave of court, see Civ.R. 56(A) and (B), the nonmoving party must preserve his or her rights by timely filing either a motion to strike or a response to the summary judgment motion. Baker v.Fish (Dec. 6, 2000), 9th Dist. No. 19912; Donovan v. Mushkat (Dec. 6, 1995), 9th Dist. No. 17262. If the nonmoving party timely moves to strike and the trial court denies the motion, the court must give the nonmoving party the opportunity to respond to the merits of the summary judgment motion. Baker, supra; Donovan, supra. Clearly, "[i]t would be unreasonable to require the nonmoving party to bear the expense of fully responding to an untimely motion for summary judgment when the court has not determined that it will even allow the motion." Donovan, supra.
In the present case, because the trial court had already held a pretrial conference, Maple Street was required to obtain leave of court before filing its motion for summary judgment as to Lot 280. See Civ.R. 56(A). Ms. Woidtke, on behalf of all interested parties, moved for leave to file motions for summary judgment as to both lots. Maple Street waited to learn of the trial court's ruling on the motion and obtained two extensions of time for that express purpose, as set forth in its pleadings. However, when the trial court had not ruled on the motion for leave by the deadline set in the order granting Maple Street a second extension of time, Maple Street filed its motion for summary judgment as to both lots. A timely motion to strike the portions of Maple Street's summary judgment motion dealing with Lot 280 was filed. Consequently, appellants did not file briefs in opposition to Maple Street's motion for summary judgment. On July 30, 2001, the trial court denied the motion to strike and entered summary judgment in favor of Maple Street as to both Lots 279 and 280.
Upon denying the motion to strike under the circumstances of this case, the trial court was required to give the appellants the opportunity to respond to the merits of Maple Street's summary judgment motion. SeeBaker, supra. Accordingly, appellants' second assignment of error is sustained.[3]
 B. First Assignment of Error "The Trial Court erred in granting foreclosure on the whole interest in Lot 280 when the Plaintiff/Appellee's mortgage attached, at best, to a 1/2 interest."
 Third Assignment of Error "The trial court erred in granting summary judgment because it violated the terms of the oral settlement agreement/stipulation entered in open court."
 Fourth Assignment of Error "The Trial Court erred by denying the Defendant/Appellant['s] Motion to Vacate its grant of Summary Judgment."
Appellants' first, third, and fourth assignments of error have been rendered moot by our disposition of the second assignment of error; accordingly, we decline to address them. See App.R. 12(A)(1)(c).
 III.
Appellants' second assignment of error is sustained in part and rendered moot in part. Their first, third, and fourth assignments of error have been rendered moot, and, therefore, we decline to address them. See App.R. 12(A)(1)(c). The judgment of the Summit County Court of Common Pleas is reversed, and the cause is remanded for further proceedings consistent with this decision.
SLABY, P.J., BAIRD, J. CONCUR.
[1] On May 13, 2001, Ms. Woidtke moved for summary judgment as to Lots 279 and 280.
[2] Although Fifth Third filed a separate appellate brief from the Harveys and Ms. Blake, the language of the assignments of error is identical and the arguments contained therein are, likewise, virtually identical; therefore, we will address them together.
[3] In their second assignment of error, appellants also challenge the trial court's decision not to rule on their Civ.R. 56(F) motions for a continuance. This assigned error has been rendered moot, and, therefore, we decline to address it. See App.R. 12(A)(1)(c).